HARDY, Judge.
This is a suit by plaintiff for the recovery of money paid in connection with hospital, medical and funeral expenses resulting from the last illness and death of plaintiff’s sister. The surviving husband of plaintiff’s deceased sister is made defendant, and plaintiff prayed for personal judgment against said defendant, or, alternatively, against defendant as possessor of the property and estate of decedent, and for recognition of plaintiff’s rights against the property of the said estate. From a judgment rejecting plaintiff’s demands he has appealed.
The material facts were established with little dispute. The defendant, Freeman T. Trichel, was married to Fannie Pace, sister of the plaintiff, Mack Pace, in or about the year 1948. The marriage was contracted in opposition to the wishes of Mack Pace and it appears that, following his sister’s marriage, which he so seriously disapproved, he broke off all relations with his sister and her husband, even to the extent of refraining from speaking. In the year 1953 Mrs. Trichel became seriously ill, which illness was diagnosed as cancer, complicated by heart trouble, from which she died in February, 1955. In December, 1954, defendant took his wife to the Charity Hospital in New Orleans and was advised to return her to Monroe and place her in the Charity Hospital. After returning to the matrimonial domicile in Monroe the wife objected to being placed in the Charity Hospital, declaring that she wished to die at home, but plaintiff insisted on having his sister taken to the St. Francis Hospital, where she remained until her death.
It was established on trial that defendant, during the course of his wife’s protracted illness, had strained his rather modest financial resources in caring for the expenses, and that, on one occasion, the wife, through an intermediary, appealed to her brothers, Mack and Oscar Pace, for help. Touched by this appeal, the plaintiff, through his brother Oscar, sent his sister the sum of $100 represented by his check. It is conceded on the part of plaintiff that this represented a voluntary donation for which no recovery is sought in this suit. The items which make up the total sum of $435.79 claimed.by plaintiff *692 represent payments to the St. Francis Sanitarium aggregating $278.29; payment to the Hall Funeral Home in the sum of $97.50 for expenses in connection with the funeral of plaintiff’s deceased sister, and payment of bill of Dr. C. T. Yancey in the amount of $60 for services rendered to plaintiff’s sister in connection with her last illness while a patient in St. Francis Sanitarium.
The testimony and the evidence on the trial of this suit indicates clearly that the above listed expenditures were made by plaintiff without solicitation on the part of defendant or the decedent, and without any agreement of any nature, either express or implied, on the part of the defendant to make repayment of the amounts expended. It was shown that the decision to send his sister to the St. Francis Sanitarium was made by plaintiff ' alone. It was proven that the item of $97.50 for funeral expenses represented additional expenses above and beyond the amount of a burial insurance policy covering the funeral expenses of decedent, which policy had been provided by defendant. There can be no question as to the conclusion that defendant has never, at any time, assumed any responsibility for payment of the amount set forth, nor any part thereof. It appears that the only action taken by plaintiff, in the nature of a demand, was on one occasion when defendant was requested to execute a note for repayment of the amounts advanced by plaintiff, which request he refused.
Plaintiff contends that the defendant, as the surviving husband, or the community estate, is obligated for the repayment of the amounts advanced by plaintiff, on the theory that these sums constituted necessities and privileged charges required for the care of defendant’s wife during her last illness and for her funeral expenses. We think it should be borne in mind, as pointed out by the district judge in his written opinion, that:
“This is not a suit for services, medical care, or funeral expenses for the deceased, but it is a suit for money which the plaintiff used to pay these bills.”
Plaintiff’s right to recover in the instant case is dependent upon proof that the expenditures for which he seeks recovery were necessary in connection with the last illness and burial of the decedent, or that they were made at the request or with the acquiescence of the defendant or his deceased wife.
None of the above elements have been established.. It is evident that plaintiff’s claim does not fall within the category of necessary and privileged expenses in connection with the last illness and burial. Decedent’s admission to the St. Francis Sanitarium was not necessary for she could have been received by the Charity Hospital and her admission to the private sanitarium was by the request and in accordance with the desire of plaintiff himself. The reasonable and necessary expenses of the funeral and burial were covered by an insurance policy which had been provided by the defendant, and the excess above the amount realized from such policy was an expense incurred and in response to the wishes of the plaintiff and not of the defendant.
Finally, the proof in this case is convincing that the defendant never, at any time, by word or deed, evidenced any assumption of responsibility for any of the expenses which make up plaintiff’s claim.
Under the facts, plaintiff has failed to establish any claim which would constitute an obligation on the part of defendant by agreement or as the result of a natural obligation, and it follows that the authorities cited by counsel, which are dependent for their application upon one or another of these conditions, cannot be considered as pertinent or appropriate.
For the reasons set forth, the judgment appealed from is affirmed at appellant’s cost.